## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WILBERT JOHNESE and**                                                    **PLAINTIFFS**
**SHARON DENISE JOHNESE**


**v.**                                        **NO. 4:06-CV-01632 GTE**


**ASHLAND, INC., et al.**                                              **DEFENDANTS**

## <u>ORDER</u>

Before the Court are Plaintiff's Motion to Quash and for Protective Order and Certain

Defendants' Motion to Exclude Plaintiffs' Experts Who Did Not Provide Reports.

**I.      Plaintiff's Motion to Quash and for Protective Order**

Plaintiffs move the Court to quash the depositions of Plaintiffs' experts, Dr. Daniel

Teitelbaum and Thomas Selders, Ph.D., and for a protective order against responding to

Defendants' Duces Tecum propounded to Plaintiffs experts.  Plaintiffs state that On October 23,

2007, Defendants, Exxon Mobil, Texaco and Hercules, Inc., noticed the depositions of Plaintiffs'

experts, Drs. Selders and Teitelbaum, for October 29, 2007, at 10:00 a.m., and November 1,

2007, at 10:00 a.m., respectively.  Plaintiffs further state that Drs. Teitelbaum and Selders are not

available on the proposed dates or for the location specified.  Plaintiffs also note that certain

Defendants have failed to provide adequate and timely responses to Plaintiffs' discovery

requests, which Plaintiffs' experts must review before giving testimony in this case.

Defendants respond by stating that the cover letter faxed with the deposition notices

stated, "[I]f these dates don't work for you or your experts we will be glad to work with you to

agree upon another date in this same general time frame." On October 24, 2007, Plaintiffs sent a

letter to Defendants with alternative dates. A letter from Defendants dated October 25, 2007,

states that although Defendants have concerns about the deposition scheduling proposed by

Plaintiffs for their experts, Defendants would re-schedule Dr. Teitelbaum's deposition for

November 27, 2007, and Dr. Selders for December 4, 2007, dates which Plaintiffs proposed in

their October 24th letter. Plaintiffs filed the present motion on October 25, 2007. Based upon

these facts, Defendants state that the motion is moot. The Court agrees.

The Court urges the parties to review and comply with the local rules. For example,

Local Rule 7.2(g) provides:

> All motions to compel discovery and all other discovery-enforcement motions and
> all motions for protective orders shall contain a statement by the moving party
> that the parties have conferred in god faith on the specific issue or issues in
> dispute and that they are not able to resolve their disagreements without the
> intervention of the Court. If any such motion lacks such a statement, that motion
> may be dismissed summarily for failure to comply with this rule. Repeated
> failures to comply will be considered an adequate basis for the imposition of
> sanctions.

Although the October 24th letter by Plaintiffs states, "Please consider this letter my efforts at a

conference on this matter," this does not satisfy Local Rule 7.2(g). Plaintiffs' counsel waited no

more than one day before filing a motion. There is no indication that Plaintiffs' counsel even

bothered to send an e-mail or place a telephone call to Defendants' counsel in an attempt to

resolve this matter without Court intervention. In the future, the Court will not hesitate to

summarily deny a motion such as this and/or impose sanctions.

## II.    Certain Defendants' Motion to Exclude Plaintiffs' Experts

Defendants, Shell Oil Company, CIBA Speciality Chemicals, E.I. du Pont de Nemours

2

and Company, Ashland Inc., Chemcentral Southwest LP, Univar USA Inc., Exxon Mobil

Corporation, Hercules, Inc., Texaco Inc., Carboline Company, Rohm and Haas Company, and

Morton International, Inc., move this Court for an Order excluding Dr. David Egilman, Dr. Peter

Infante, Myron A. Mehlman, Ph.D., Steven S. Paskal, MSH, JD, CIH, Stephen M. Rappaport,

and Richard Lemen, Ph.D., from testifying in this lawsuit on the basis that Plaintiffs did not

provide reports for these six experts.  The Court notes that Defendants Degussa Specialty

Polymers, Inc. and Valspar Corporation have filed notices of adoption of this motion.

The Final Scheduling Order issued by this Court on March 22, 2007, provides, "Deadline

for Plaintiffs to disclose experts and provide reports is SEPTEMBER 10, 2007."  On September

10, 2007, the Court extended Plaintiffs' deadline to October 15, 2007.  On October 15, 2007,

Plaintiffs submitted their Designation of Experts to Defendants.  Plaintiffs designated the six

experts listed above and Dr. Daniel Teitelbaum and Thomas A. Selders, Ph.D.  Plaintiffs

provided written reports for Drs. Teitelbaum and Selders.  Plaintiffs state that they identified

each expert by name, the subject mater on which each expert is expected to testify, and the

substance of the facts and opinions to which the expert is expected to testify.  Plaintiffs also state

that they provided a summary of the grounds for each opinion.

Plaintiffs assert that they do not anticipate calling these six experts to testify.  Plaintiffs

further assert that they designated these experts in the event Drs. Teitelbaum and/or Selders

become unavailable prior to the time of trial to avoid the possibility of delaying future trial

proceedings.  Plaintiffs state that these designations were made to avoid severe prejudice to them

if Drs. Teitelbaum and/or Selders became unavailable at the time of trial and for purposes of

judicial economy.  In the event the Court requires Plaintiffs to provide separate written reports

for the six experts, Plaintiffs cite Federal Rule of Civil Procedure 26(a)(2)(C) in support of their

request to allow them at least until 90 days before the trial date.  Federal Rule of Civil Procedure

26(a)(2)(C) provides:

> These disclosures shall be made at the times and in the sequence directed by the
> court.  In the absence of other directions from the court or stipulation by the
> parties, the disclosures shall be made at least 90 days before the trial date or the
> date the case is to be ready for trial or, if the evidence is intended solely to
> contradict or rebut evidence on the same subject matter identified by another party
> under paragraph (2)(B), within 30 days after the disclosure made by the other
> party.  The parties shall supplement these disclosures when required under
> subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 26(a)(2)(b) requires that the disclosure of an expert be

accompanied by "a written report prepared and signed by the witness."  Fed. R. Civ. P.

26(a)(2)(B).  The Rule further provides:

> The report shall contain a complete statement of all opinions to be expressed and
> the basis and reasons therefor; the data or other information considered by the
> witness in forming the opinions; any exhibits to be used as a summary of or
> support for the opinions; the qualifications of the witness, including a list of all
> publications authored by the witness within the preceding ten years; the
> compensation to be paid for the study and testimony; and a listing of any other
> cases in which the witness has testified as an expert at trial or by deposition
> within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  Plaintiffs' disclosures do not satisfy the requirements of the Rule.

Therefore, the Court will grant Defendants' motion.  However, if for good cause, Drs.

Teitelbaum and/or Selders become unavailable for trial, Plaintiff can file a motion to permit one

or more of these experts to testify at that time.

Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Quash (Docket No. 121) be,

and it is hereby, DENIED as moot.

IT IS FURTHER ORDERED THAT Certain Defendants' Motion to Exclude Plaintiffs'

Experts Who Did Not Provide Reports (Docket No. 110) be, and it is hereby, GRANTED.

IT IS SO ORDERED this 31st day of October, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE