IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILBERT JOHNESE and**                                                **PLAINTIFFS**
**SHARON DENISE JOHNESE**

v.                         NO. 4:06-CV-01632 GTE

**ASHLAND, INC., et al.**                                                    **DEFENDANTS**

<u>**ORDER**</u>

        Presently before the Court is Plaintiff's Motion to Quash and for Protective Order. Plaintiffs filed their original Complaint in Pulaski County Circuit Court on December 2, 2005. The case was removed to this Court on November 28, 2006. Defendant Huntsman Advanced Materials Americas Inc. ("Admat") was not served until October 8, 2007, and entered its appearance on November 5, 2007. Currently, the discovery deadline is February 27, 2008, and trial is set for May 12, 2008.

        On December 13, 2007, Defendant Admat noticed the deposition of Plaintiff Wilbert Johnese for January 8, 2008, at 9:00 a.m. in Plaintiffs' counsel's Little Rock, Arkansas office. Plaintiffs request that the Court quash the notice because the time and place designated was not agreed upon by Plaintiffs or Plaintiffs' counsel. Plaintiffs also state that the Court should quash the deposition notice because Plaintiff has already sat for two depositions, in May of 2007, in which Mr. Johnese indicated that he would be unable to identify products with specificity. Plaintiffs state that a third deposition would cause Plaintiffs to suffer undue harassment and prejudice. Plaintiffs assert that Defendant Admat is similarly situated to all other defendants in

this case and would likely address areas that have already been addressed by other defendants.

Plaintiffs also assert that Federal Rule of Civil Procedure 30(a)(2)[1] requires Defendant Admat to obtain leave from the Court, and the Court must grant leave to the extent consistent with Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  Plaintiffs propose that Defendant submit written questions.

Defendant Admat asserts that it has been working very diligently to discover the basis for Plaintiffs' claims against it with only modest success and it did not participate in any depositions of the Plaintiffs in this case.  Defendant Admat also asserts that it has studied the deposition transcripts obtained and believes in good faith that additional questioning of Mr. Johnese relating solely to Admat's products (but not any other topic) is necessary, and Plaintiffs' alternative of deposition on written questions will take too long to obtain answers and will not permit the necessary follow-up questions based upon Mr. Johnese's responses.  Admat further asserts that it

---

[1] "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and: . . . the deponent has already been deposed in the case . . . ."  Fed. R. Civ. P. 30(a)(2)(A)(ii).

has offered to limit the deposition to two hours and has offered to obtain the deposition at a time mutually convenient time, but has received no response from Plaintiffs.

The Court finds that Defendant Admat should be afforded the opportunity to depose Plaintiff Wilbert Johnese regarding its products in accordance with its offered limitations. Plaintiffs' motion will be denied. The Court directs Plaintiffs to identify at least one date, but preferably more than one date, within the next 10 business days when the deposition can occur.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Quash and for Protective Order (Docket No. 148) be, and it is hereby, DENIED. Plaintiffs are directed to promptly identify at least one date within the next 10 business days when the deposition can occur.

IT IS SO ORDERED this 28th day of December, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE