**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WILBERT JOHNESE and**                                                                **PLAINTIFFS**
**SHARON DENISE JOHNESE**


v.                                    NO. 4:06-CV-01632 GTE


**ASHLAND, INC., et al.**                                                                **DEFENDANTS**

### ORDER ON MOTION TO COMPEL

Presently before the Court is Plaintiff's Motion to Compel. Plaintiffs seek to compel Separate Defendants Ashland Inc. ("Ashland") and Chemcentral Southwest L.P. ("Chemcentral") to withdraw their objections, answers and responses and properly respond to Plaintiffs' First Set of Interrogatories and Plaintiffs' First, Second, Third, and Fourth Sets fo Requests for Admissions and Production of Documents served on said Defendants.

Plaintiffs state that they served their First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on Separate Defendants on November 3, 2006. On March 1, 2007, Separate Defendants provided Plaintiffs with responses that Plaintiffs contend are completely insufficient, inadequate, wholly unresponsive, and border on sanctionable conduct for abuse of discovery. On April 16, 2007, Plaintiffs sent a letter to Separate Defendants in an "attempt to confer" and requesting that Separate Defendants withdraw their objections and respond to the requests more thoroughly or Plaintiffs would "be forced to seek court intervention." On June 11, 2007, Plaintiffs sent a follow-up letter stating that Plaintiffs would be forced to file a motion to compel if Separate Defendants failed to provide

1

sufficient answers and responses to the discovery before June 25, 2007. On June 25, 2007, Separate Defendants sent a letter to Plaintiffs stating that their responses were proper and in accord with the Federal Rules of Civil Procedure, and that Separate Defendants would supplement their responses if Mr. Johnese identifies exposure to any specific Ashland, Univar or Chemcentral product.

Plaintiffs state that they have diligently worked on narrowing the focus of requests in subsequent sets of Requests for Production of Documents and Requests for Admission. Plaintiffs state that they served their Second Set of Requests for Production of Documents and Requests for Admissions on Separate Defendants on September 10, 2007. On October 10, 2007, Separate Defendants provided their responses, which Plaintiffs contend are inadequate.

Plaintiffs assert that on October 29, 2007, they served their Third Set of Requests for Production of Documents and Requests for Admissions on Separate Defendants because Plaintiffs had yet to receive responsive documents from Separate Defendants. On November 29, 2007, Separate Defendants provided their responses, which Plaintiffs contend are inadequate. On January 16, 2008, Plaintiffs sent a letter to Defendants requesting that they immediately supplement their responses to Plaintiffs' discovery.

On January 23, 2008, Plaintiffs served their Fourth Set of Requests for Production of Documents and Requests for Admission. On February 20, 2008, Separate Defendants provided their responses, which Plaintiffs contend are inadequate. On February 25, 2008, Plaintiffs sent a letter to Defendants stating that Separate Defendants "have yet to provide plaintiffs with a single document responsive to our numerous requests for specified documents," and that Plaintiffs would be forced to file a motion to compel on February 27, 2008, if Separate Defendants did not

immediately produce documents and sufficient responses.  On February 28, 2008, Plaintiffs filed the present motion stating, "[a]s of the date of the motion, Plaintiffs have not received any notification of a document production or received any notification from Ashland counsel that any documents were forthcoming."  The discovery deadline in this case is May 28, 2008.

In response, Separate Defendants only assert that Plaintiffs have failed to comply with Local Rule 7.2(g).  Separate Defendants note that in the Court's Order dated October 31, 2007, the Court stated:

> The Court urges the parties to review and comply with the local rules.  For example, Local Rule 7.2(g) provides:
>
>> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in god faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court.  If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.  Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.
>
> Although the October 24th letter by Plaintiffs states, "Please consider this letter my efforts at a conference on this matter," this does not satisfy Local Rule 7.2(g).  Plaintiffs' counsel waited no more than one day before filing a motion.  There is no indication that Plaintiffs' counsel even bothered to send an e-mail or place a telephone call to Defendants' counsel in an attempt to resolve this matter without Court intervention.  In the future, the Court will not hesitate to summarily deny a motion such as this and/or impose sanctions.

However, the circumstances there are completely distinguishable.  In that instance, Defendants noticed a deposition of Plaintiffs' experts on October 23, 2007, but Plaintiffs' experts were not available on the proposed dates.  The cover letter faxed with the deposition notices offered to "work with" Plaintiffs to "agree upon another date in [the] same general time

frame." On October 24, 2007, Plaintiffs sent a letter to Defendants with alternative dates. Defendants responded on October 25, 2007, agreeing to two dates proposed by Plaintiffs, but Plaintiffs filed their Motion to Quash and for Protective Order that day, only two days after service of the deposition notice and one day after sending alternative dates.

Here, Plaintiffs filed a Certificate of Good Faith Attempts to Resolve Discovery Dispute outlining their efforts, as set forth above, with their motion. Separate Defendants state that Plaintiffs' counsel did not contact Defendants counsel via e-mail or telephone to attempt to resolve this discovery dispute prior to filing of the motion to compel. However, Plaintiffs' attempts to obtain the requested information without Court intervention spanned over one year and three revisions of their discovery requests. Plaintiffs' efforts meet the requirements of Local Rule 7.2(g) and Federal Rule of Civil Procedure 37(a)(1). The Court notes that Defendants may very well have valid objections to some of the outstanding discovery requests, but they have failed to set forth why their objections to the various discovery requests should stand.

On or before April 14, 2008, Plaintiffs are directed to provide Separate Defendants with a list of the specific discovery requests still outstanding. Separate Defendants are directed to respond to said requests on or before April 23, 2008. If, at that time, Plaintiffs are not satisfied with the discovery responses, counsel for Plaintiffs are directed to confer with counsel for Separate Defendants about specific inadequacies via telephone on or before April 28, 2008. If the issues regarding discovery cannot be resolved after conference, Plaintiffs may, at that point, file a motion to compel.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Compel (Docket No. 195) be,

and it is hereby, GRANTED.  Plaintiffs are directed to provide Separate Defendants with a list of the specific discovery requests still outstanding on or before April 14, 2008.  Defendants Ashland Inc. and Chemcentral Southwest L.P. are directed to respond to said requests on or before April 23, 2008.

      IT IS SO ORDERED this 4th day of April, 2008.

                                        /s/Garnett Thomas Eisele
                                        UNITED STATES DISTRICT JUDGE